# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| Derek L. Powell,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Casey's Marketing Co., CGS Stores, LLC and Casey's Retail Company,<br><br>　　　　　　　　Defendants. | Court File No.: 4:22-cv-00419-RGE-HCA<br><br>**JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE** |

This Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (the "Motion") is made and entered into between Plaintiff Derek Powell and Opt-In Plaintiffs Trenton Terry and Karen Hartman, by and through their attorneys, on the one hand, and Defendants Casey's Marketing Co., CGS Stores, LLC and Casey's Retail Company ("Defendants") by and through their attorneys, on the other hand.

**1.　　Stipulated Recitals**

　　a.　　On or about December 8, 2022, Plaintiff Powell filed a Complaint initiating this Lawsuit in which Plaintiff alleges that Defendants did not pay him and other alleged "similarly situated" individuals all overtime wages owed pursuant to the Fair Labor Standards Act ("FLSA") because Defendants failed to compensate him and alleged "similarly situated" individuals for all hours worked.  (Doc. 1).  Plaintiff Powell and Defendants have a bona fide dispute over these claims.

　　b.　　On or about December 9, 2022 Opt-In Plaintiff Terry filed a notice of his consent to join this litigation as a party plaintiff pursuant to Section 216(b)

<ol type="a" start="3">
</ol>

      of the FLSA. (Doc. 4). Two additional individuals (Leanna Tift and Zachary Maronde) also filed similar consents the same day. (*See id.*)

c.   On or about December 13, 2022 Opt-In Plaintiff Hartman filed a notice of her consent to join this litigation as a party plaintiff pursuant to Section 216(b) of the FLSA. (Doc. 9). Five additional individuals (Mark Spellman, Jennifer Price, Carolina Razo, Danielle Nelson and Logan Mattingley) also filed similar consents the same day. (*See id.*)

d.   Defendants filed an Answer to the Complaint on January 3, 2023. (Doc. 10).

e.   Five additional individuals (Jessica Collins, Steven Pruitt, Sonja Hanks, Emily Rahn and Judith Hutson) filed consents to join this litigation as party plaintiffs on January 16 and January 18. (*See* Docs. 17-19).

f.   On May 23, 2023, Defendants filed a Motion to Dismiss eleven Opt-In Plaintiffs (Zachary Maronde, Leanna Tift, Mark Spellman, Jennifer Price, Carolina Razo, Danielle Nelson, Logan Mattingley, Jessica Collins, Stephen Pruitt, Emily Rahn, and Sonja Hanks) due to their failure to respond to Casey's written discovery requests. (*See* Doc. 38). Defendants' Motion to Dismiss if fully briefed and pending before the Court.

g.   Plaintiff Powell has not sought conditional certification of a collective action pursuant to Section 216(b) of the FLSA.

h.   The Parties' Settlement Agreement resolves Plaintiff Powell and Opt-In Plaintiffs Trenton Terry and Karen Hartman's individual claims and will not affect the rights of any other individuals.

i. The parties, through their counsel, are familiar with the facts and legal arguments relevant to this Lawsuit. In consideration of the disputed facts and legal issues, and in advance of engaging in additional significant discovery and trial preparation activities, the parties engaged in settlement negotiations. The terms and conditions of settlement reflected in this Motion are a product of those negotiations, which were conducted at arm's length between the parties and their respective counsel.

j. The Parties' Settlement Agreement is attached as **Exhibit A** to this Motion.

k. Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in this Lawsuit. Defendants contend they have at all times complied with the FLSA. Defendants have entered into the Settlement Agreement and joined this Motion in order to avoid the cost and inconvenience of further litigation.

l. Plaintiff Powell and Opt-In Plaintiffs Terry and Hartman have agreed to this Motion because the settlement set forth herein reflects a reasonable compromise of the disputed issues in the Lawsuit and their individual claims, chiefly, if and to what extent they are owed overtime wages and liquidated damages. Plaintiffs believe that the certainty of settlement is better than the uncertain outcome of protracted litigation. Plaintiffs, Defendants, and their respective counsel stipulate and agree that the terms and conditions of settlement set forth in this Motion are fair, reasonable, and in the best interest of the Parties.

  m.  Nothing in this Motion shall be construed or deemed to be an admission of liability or wrongdoing on the part of Defendants.  Pursuant to Rule 408 of the Federal Rules of Evidence, this Motion shall not be admissible in evidence in any proceeding; provided, however, that the Motion may be filed and used in this Lawsuit or any related litigation as necessary to approve, interpret, or enforce this Motion, or in any subsequent action against or by Defendants to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion, issue preclusion, or similar defense, claim, or counterclaim.

  **2.**  **Dismissal of the Lawsuit with Prejudice.**

Subject to the terms and conditions of this Motion, the Plaintiff Powell and Opt-In Plaintiffs Terry and Hartman agree that their claims alleged in this Lawsuit may and should be dismissed by the Court **WITH PREJUDICE.**  Except as otherwise provided in this Motion, all parties will be responsible for their own costs and attorneys' fees.

  **3.**  **Unpaid Wages, Liquidated Damages and Attorneys' Fees and Costs as Settlement Consideration.**

  a.  In exchange for: (1) dismissal of the Lawsuit as described in Section 2 of this Motion; (2) the Plaintiff Powell and Opt-In Plaintiffs Terry and Hartman's execution of the Parties' Settlement Agreement; and (3) Plaintiff Powell and Opt-In Plaintiffs Terry and Hartman's representations and stipulations as set forth in this Motion, Defendants have agreed to pay Plaintiff Powell a total sum of $3,500.00, Opt-In Plaintiff Terry a total sum of $1,200.00, and Opt-In Plaintiff Hartman a total sum of $1,500.00.

    (the "Settlement Amounts") to resolve all claims alleged in the Lawsuit and for a release of wage and hour claims. The Settlement Amounts are in addition to the attorneys' fees and costs discussed below.

 b. Within twenty-one (21) calendar days following the entry of the Court's anticipated order approving this Motion, Defendants shall make payment of the Settlement Amount.

  4. **Reimbursement for Reasonable Attorneys' Fees and Litigation Costs**

Defendants shall pay or cause to be paid by check to Plaintiff's Counsel a total of $22,400.00 for the fees and costs Plaintiff's Counsel has incurred prosecuting this Lawsuit. This is the total amount that Defendants shall pay in attorneys' fees and costs.

  5. **Plaintiff Powell and Opt-In Plaintiffs Terry and Hartman's Release of Claims**

As a material inducement to Defendants to enter into this Motion, and in exchange for the Settlement Payments, Plaintiff Powell and Opt-In Plaintiffs Terry and Hartman have executed a Settlement Agreement reviewed by the Parties' respective counsel, expressly releasing all claims asserted in the Lawsuit against Defendants and each of their parent organizations, holding companies, predecessors, insurers, contractors, divisions, affiliates, related companies and joint ventures, business units, subsidiaries, and successors, and their current or former officers, directors, employees, and legal counsel (collectively, the "Released Parties") and releasing the Released Parties, to the fullest extent permitted by law, from all claims asserted or that could have been asserted in the Lawsuit related to their compensation with Defendants, including all claims arising under the FLSA; all claims arising out of any other state or local wage, minimum wage or overtime laws, and all derivative claims relating to unpaid wages, minimum wages, expense reimbursements, overtime wages, straight time wages, unpaid breaks, vacation pay, bonuses,

benefits, incentive compensation, gratuities, back pay, or any other type of compensation, up to and including the date on which Plaintiff executes the Settlement Agreement, including all claims for liquidated, punitive, or penalty damages, interest, and attorneys' fees and costs. This Release shall not apply to the claims Opt-In Plaintiff Hartman is asserting in the case captioned *Joy McColley v. Casey's General Store, Inc Casey's Marketing Company, and Casey's Retail Company*, Case No. No. 2:18-cv-00072, in the United States District Court for the Northern District of Indiana.

| | |
|---|---|
| Date: September 19, 2023 | Date: September 19, 2023 |
| | |
| /s/ Harley C. Erbe | /s/ John H. Lassetter |
| Harley C. Erbe, AT0002430 | Emily A. McNee, Bar No. AT0014350 |
| harleyerbe@erbelaw.com | emcnee@littler.com |
| ERBE LAW FIRM | John H. Lassetter |
| 2501 Grand Avenue, First Floor | jlassetter@littler.com |
| Des Moines, IA  50312 | Brendan C. Johnson |
| Telephone:        515.281.1460 | bcjohnson@littler.com |
| Facsimile:         515.281.1474 | LITTLER MENDELSON, P.C. |
| | 1300 IDS Center |
| J. Russ Bryant | 80 South 8th Street |
| rbryant@jsyc.com | Minneapolis, MN  55402.2136 |
| Robert E. Turner | Telephone:        612.630.1000 |
| rturner@jsyc.com | Facsimile:         612.630.9626 |
| Robert E. Morelli | |
| rmorelli@jsyc.com | Attorneys for Defendants |
| JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT | Casey's Marketing Co., CGS Stores, LLC and Casey's Retail Company |
| 262 German Oak Drive | |
| Memphis, TN  38018 | |
| Telephone:        901.754.8001 | |
| Facsimile:         901.754.8524 | |

Attorneys for Plaintiff and for Others Similarly Situated

4854-2342-1567.1 / 091581-1006